IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESS RICO MARTINEZ,

    Plaintiff,                          CV F 06 1074 LJO WMW PC

    vs.                                 ORDER DISMISSING COMPLAINT
                                        WITH LEAVE TO
                                        FILE AN AMENDED COMPLAINT

                                        (THIRTY DAY DEADLINE)

BILL WITTMAN, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at California State Prison Sacramento, brings this civil rights action against defendant officials employed by Tulare County.

    Plaintiff's claims in this complaint stem from an an incident that occurred while Plaintiff was housed in the Tulare County Jail. Plaintiff names the following individual defendants: Sheriff Wittman; Deputy Nation; Deputy Villalobos.

    Plaintiff alleges that in February of 2006, he was housed at the Main Jail in Visalia as a pre-trial detainee. Plaintiff alleges that Deputy Nation yelled at Plaintiff while he was retreiving

1

his sandals. Plaintiff told Deputy Nation that he heard him the first time he yelled at him earlier. Deputy Nation advised Deputy Villalobos that "we go another smart ass." Villalobos instructed Deputy Nation to place Plaintiff in the shower. Deputy Nation stepped into the shower and instructed Plaintiff to turn and face the wall. Plaintiff complied with Nation's order. Deputy Nation then "slammed my face to the wall with his left forearm and then twisted my fingers backward until snapped out of joint or broke?" Plaintiff alleges that he suffered injury that required surgery.

As to Defendant Deputy Nation, the court finds that Plaintiff has stated a claim for relief for excessive force in violation of the Fourth Amendment to the U.S. Constitution.

As to Defendant Villalobos, there are no facts alleged indicating that he applied any force to Plaintiff, or ordered Deputy Nation to apply force. Deputy Villalobos can not be held liable for directing Deputy Nation to place Plaintiff in the shower. Plaintiff must allege facts indicating that Deputy Villalobos applied unreasonable force.

As to Sheriff Wittman, liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that facts indicating that Sheriff Wittman participated in, or knew of and failed to prevent, the alleged wrongs.

The complaint must be dismissed as to Defendants Villalobos and Wittman. Plaintiff will be provided an opportunity to file an amended complaint that corrects the deficiencies identified. Should Plaintiff fail to file an amended complaint, this action will proceed against Defendant Nation. The court will provide Plaintiff with the forms for service of process upon Defendant Nation, and recommend dismissal of Defendants Wittman and Villalobos.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

1  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

2  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

3  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

4  there is some affirmative link or connection between a defendant's actions and the claimed

5  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

6  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

8  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

9  complaint be complete in itself without reference to any prior pleading.  This is because, as a

10 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

11 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

12 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

13 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

14     In accordance with the above, IT IS HEREBY ORDERED that:

15     1. Plaintiff' is granted thirty days from the date of service of this order to file a

16 first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

17 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

18 docket number assigned this case and must be labeled "First Amended Complaint."

22 IT IS SO ORDERED.

23 **Dated:   June 25, 2008**          **/s/  William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE